```
            UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF PENNSYLVANIA
```

ANTONIO ROSELLO,

        Petitioner | Civil Action No. 3:17-cv-01580

                              (Judge Richard P. Conaboy)

v.

                              (Magistrate Judge Joseph

WARREN AT FCI ALLENWOOD,           Saporito, Jr.)

        Respondent

FILED
SCRANTON
JAN 2 4 2018

Per_____
DEPUTY CLERK

## Memorandum

We consider here a Report and Recommendation ("R&R") filed by Magistrate Judge Joseph F. Saporito, Jr. in the above-referenced case. (See Doc. 9).[1] The R&R recommends that Petitioner Rosello's petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed but that he be granted leave to file a petition pursuant to 28 U.S.C. § 2255 with the sentencing court (The U.S. District Court of the Southern District of Florida) subject to pre-authorization from the Eleventh Circuit Court of Appeals.

---

[1] We had previously issued an opinion based upon the perception that Petitioner had not filed objections. These objections came in late but the reason for that was satisfactorily explained. Therefore, we now assess the R&R under a de novo standard of review.

When a Magistrate Judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. See Thomas v. Arn, 474 U.S. 150-53 (1985). When no objections are filed, the District Court is required to review the record only for "clear error" prior to accepting a Magistrate Judge's recommendation. See Cruz v. Chater, 990 F. Supp. 375-78 (M.D.Pa. 1998); also Oldrati v. Apfel, 33 F. Supp 2d 397-99 (E.D.Pa. 1998). Where, as here, a Petitioner files objections to a Magistrate Judge's report, the reviewing court conducts a de novo review of those portions of the report to which objection is made. See 28 U.S.C. § 636 (b)(1). To warrant de novo review, the objections must be both timely and specific. See Goney v. Clark, 749 F.2nd 5,6-7 (3$^d$ Cir. 1984). The Court may accept, reject, or modify, in whole or in part, the findings made by the Magistrate Judge. 28 U.S.C. § 636 (b)(1). Uncontested portions of the report are reviewed for clear error. Cruz, supra, at 376-77. Having reviewed the Magistrate Judge's R&R together with objections (Doc. 14) lodged by Petitioner Rosello, we conclude that the Court must approve the result suggested by the Magistrate Judge.

Rosello's argument is premised on the fact that he has already sought the opportunity to file a second or successive § 2255 petition from the Eleventh Circuit Court of Appeals and was denied that opportunity. His first § 2255 petition was rejected

by the sentencing court in 2003. That motion was made on grounds other than those the Petitioner relies upon to support his current petition. His second petition § 2255 petition was rejected by the sentencing court for lack of jurisdiction due to Rosello's failure to obtain prior authorization from the Eleventh Circuit in 2016. Rosello then attempted to obtain such pre-authorization from the Eleventh Circuit on the basis that the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551(2015), rendered his conviction under 18 U.S.C. § 924(c) constitutionally infirm. The Eleventh Circuit disagreed and found Johnson inapplicable to Rosello's case.

Based upon the Eleventh Circuit's refusal to authorize him to file another § 2255 petition in the sentencing court, Rosello now argues that he should be permitted to proceed pursuant to 28 U.S.C. § 2241 in this Court.[2] As the Magistrate Judge astutely observed, Rosello is challenging the validity of his sentence (See Rosello's Petition, Doc. 1 at 5) and such a challenge may be raised only under § 2255 in the sentencing court. Bourmediene

---

[2] Petitioner Rosello argues (Doc. 14 at 2) that, because he has already tried and failed to obtain the necessary pre-authorization from the Eleventh Circuit, it is an exercise in futility to grant him, as the Magistrate Judge recommends, the right to once again seek pre-authorization from that court. We disagree. Petitioner's Objections (Doc. 14 at 13-15) point out that the Eleventh Circuit's caselaw is clouded on the issue whether Johnson invalidates his § 924 (c) conviction. Petitioner cites cases that have emerged since the last time the Eleventh Circuit denied him pre-authorization. If his analysis of these cases is correct, it is possible that a different panel would find differently and allow him to file a new § 2255 petition in the trial court.

-3-

v. Bush, 553 U.S. 723, 774-75 (2008). To proceed under § 2241 Rosello must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e). Rosello cannot make this showing by demonstrating that a prior § 2255 petition was denied by the sentencing court. Litterio v. Parker, 369 F. 2nd 395 (3d Cir. 1996). Neither is a § 2255 petition "inadequate or ineffective" because he is unable to obtain pre-authorization to file one from the appropriate appellate court (here the Eleventh Circuit Court of Appeals). See Brown v. Mendez, 167 F Supp. 2nd 723 at 726-27 (M.D.Pa. 2001).

As previously indicated, Rosello seeks relief under the holding in Johnson v. U.S., supra. Specifically he seeks a ruling that his conviction under 18 U.S.C. § 924(c), which resulted in the imposition of a mandatory 5 year sentence consecutive to sentences imposed for Hobbs Act convictions, was illegal because the residual clause of the Armed Career Criminal Act,("ACCA")18 U.S.C. § 924(e), was declared void for vagueness by the Johnson Court. While the premise of this argument is correct, the Eleventh Circuit has determined that Rosello's sentence was not pronounced on the basis of the now discredited residual clause. Rather, the sentence was based upon the "use of force" clause in 924(c) which continues to remain viable after the decision in Johnson. The Eleventh Circuit has held that

-4-

convictions for Hobbs Act robbery, like that of Rosello, meet the "use of force" definition in § 924 for a crime of violence. See In Re Saint Fleur, 824 F.3d 1337, 1340-41. As such, Rosello's convictions for Hobbs Act robbery and his augmented sentence for carrying a firearm pursuant to his § 924(c) conviction were so specific that the residual clause of § 924(e) was not implicated. This result would have occurred in our circuit as well. See United States v. Robinson, 844 F.2d 137 (3d Cir. 2016). Robinson concerned a situation in which a Defendant was convicted in the same trial of Hobbs Act robbery and carrying a firearm in the course of committing the robbery under 18 U.S.C. § 924 (c). The Third Circuit found categorically that simultaneous convictions of those offences in the same proceeding constitute a "crime of violence" and subjects the offender to the mandatory consecutive sentence required by § 924 (e).

Having reviewed the Magistrate Judge's well-written R&R and the objections filed by Petitioner Rosello, this Court can only conclude that the Magistrate Judge's recommended resolution is correct. Clear precedent in our Circuit (Litterio, supra) holds that failure to succeed on a prior § 2255 petition is not an appropriate basis to lodge a § 2241 petition. Significantly, the Supreme Court has found that challenges to the validity of a sentence may be raised only in the sentencing court under §

2255. See Bourmediene, supra. We are mindful of these precedents. We are also convinced that Petitioner Rosello's claim that his Hobbs Act robbery conviction, accompanied as it was by a jury's determination that he violated the elements of 18 U.S.C. § 924 (c), does not fall within the exception created by Johnson's invalidation of the ACCA residual clause. Thus, we conclude that this petition must be denied. An Order consistent with this determination shall be filed contemporaneously.

**BY THE COURT,**

**Dated: January 22, 2018**

*/s/ Richard P. Conaboy*
**Honorable Richard P. Conaboy**
**United States District Court**